1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Los Angeles, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for Plaintiffs Quiksilver, Inc.
   and Coach Services, Inc.*

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

   CASE NO. CV09-08587 GAF(CWx)

11 QUIKSILVER, INC., a Delaware
   Corporation; COACH SERVICES, INC.,
12 a Maryland Corporation            COMPLAINT FOR DAMAGES:

13             Plaintiffs,           1.  **COPYRIGHT INFRINGEMENT**;
       vs.                               (17 U.S.C. § 501, et. seq.)
14
   GOLDEN BRIDGE INTERNATIONAL,     2.  **TRADEMARK INFRINGEMENT**
15 INC., a New York Corporation; JIAN    (15 U.S.C. §1114);
   JIN, an individual; and DOES 1-10,
16 inclusive,                        3.  **TRADEMARK DILUTION**
                                         (15 U.S.C. §1125(c));
17             Defendants.
                                     4.  **COMMON LAW UNFAIR
18                                       COMPETITION**;

19                                   5.  **INJURY TO BUSINESS
                                         REPUTATION; DILUTION**
20                                       (Cal. Bus. & Prof. Code §
                                         14247);
21
22                                       **JURY TRIAL DEMANDED**

23      Plaintiffs Coach Services, Inc. and Quiksilver, Inc. ("Plaintiffs"), for their claims
24 against Defendants Golden Bridge International, Inc. and Jian Jin ("Defendants"),
25 respectfully allege as follows:
26 ///
27 ///
28 ///

                                       1
                             COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

1. Plaintiffs file this action against Defendants for copyright infringement under 17 U.S.C. § 101, et seq., as well as trademark and trade dress infringement, trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2. This Court has personal jurisdiction over Defendants because Defendants conducts business within and have sufficient minimum contacts with the state of California.

3. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Coach Services, Inc. is a corporation organized and existing under the laws of the state of Maryland with an office and principal place of business in New York, New York.

5. Plaintiff Quiksilver, Inc. is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Huntington Beach, California.

6. Upon information and belief, Defendant Golden Bridge International, Inc. is a corporation organized and existing under the laws of the state of New York with an office and principal place of business at 1201 Broadway, Room #409, New York, New York 10001.

/ / /
/ / /

1    7.   Upon information and belief, Defendant Jian Jin is an individual residing in the state of New York and doing business at Golden Bridge International, Inc. located at 1201 Broadway, Room #409, New York, New York 10001.

8.   Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believe, and based thereon allege, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein and, that at all times referenced, each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9.   Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## NATURE OF ACTION

10.   Plaintiffs seek injunctive relief, damages and a declaratory judgment based upon Defendants' unfair competition with Plaintiffs arising from Defendants' willful infringement and dilution of Plaintiffs' trademarks. Defendants' willful infringement has impacted upon Plaintiffs' rights directly as well as upon Plaintiffs' ability to maintain consumer satisfaction. In this regard, it is noteworthy that most, if not all, of the infringing items below were presented in a confusingly deceptive manner, that they are of obvious inferior quality when compared to the authentic

products of Plaintiffs' trademarks, and are priced in such a way that implies to the buying public that these items are, indeed, genuine.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

A.     **QUIKSILVER's Family of Trademarks, Logos, and Designs**

11.    Since the 1970's, Quiksilver has been and is now engaged in the business of manufacturing, promoting, distributing, and selling its high-quality clothing. All of Quiksilver's products are manufactured pursuant to its strict specifications and quality control.

12.    Quiksilver has long used, prior to the acts of Defendants herein, several trademarks, including but not limited to Quiksilver, in plain and stylized format, and the Mountain and Wave design logo.

13.    Quiksilver is the owner of the world-famous word/mark "Quiksilver." On April 11, 1967, the Quiksilver mark was registered on the Principal Register of the United States Patent & Trademark Office as Registration No. 827212, for "Men's clothing, namely suits, jackets, topcoats, trousers, and sport coats." Subsequent thereto, Quiksilver has registered the Quiksilver mark and a variety of other marks, including the Mountain and Wave design logo, on merchandise ranging from luggage, watches and jewelry, sunglasses, swimwear, and all other varieties of men's and women's clothing and footwear (collectively, "Quiksilver Marks"). Quiksilver's right to use the Quiksilver Marks in commerce has become uncontestable pursuant to 15 U.S.C. §1065.

14.    In addition to the trademark registrations, the "Quiksilver Mountain and Wave" logo (below) is a copyrighted design with U.S. Copyright Registration Nos. VA 1088115 and VA 1088246.



15. Quiksilver introduced its junior line of clothing "ROXY" in or around Spring of 1991. The Roxy Heart Device, which is made up of two mirror-image Quiksilver Mountain and Wave logos (see below), has been used in connection with the Roxy line since as early as 1992.



16. In 1997, Quiksilver registered the word mark "ROXY" as well as the Roxy Heart Device (hereinafter collectively "Roxy Marks"). Quiksilver's Roxy Marks include, but are not limited to, U.S. Registration No. 2,851,891. The registrations for these Roxy Marks are valid, subsisting and exclusively owned by Quiksilver.

17. At all times relevant hereto, Quiksilver's trademarks have been continually used by Quiksilver throughout the world and in the United States, including California, on or in connection with the manufacture, distribution, sale and promotion of its products.

18. As a result of Quiksilver's widespread and continuous use, advertisement, and the promotion of its products in connection with its Quiksilver and Roxy Marks, the marks have become widely-known and recognized in identifying Quiksilver as the source of a wide variety of clothing and related goods, and in distinguishing such goods from those of other manufacturers. Quiksilver's trademarks have come to represent and symbolize the excellent reputation of Quiksilver's products and valuable goodwill among members of the public throughout the world and in the United States, including California.

19. Quiksilver's Roxy Marks have acquired a secondary meaning throughout the world and in the United States, including California.

///
///

B.  **COACH's Family of Trademarks, Logos, and Designs**

20. Coach was founded more than sixty years ago as a family-run workshop in a Manhattan loft. Since that time, Coach has been engaged in the manufacture, marketing, and sale of fine leather and mixed material products including handbags, wallets, travel cases, briefcases, planners and diaries, leather goods, watches, eyewear, footwear, apparel, and accessories.

21. Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Marks").

22. Amongst the many Coach Marks, one of the most well-known and recognized marks is Coach's Signature "C" logo (see below). Coach has used the Signature "C" logo in association with the sale of goods since as early as 2001. The Signature "C" logo was first registered at the U.S. Patent and Trademark Office on September 24, 2002. Registrations for the Signature "C" logo include, but are not limited to, U.S. Reg. Nos. 2,626,565; 2,822,318; and 2,832,589.



23. Coach has used the Signature "C" logo in connection with the sale of handbags and other leather and/or mixed material goods since as early as 2001.

24. Many of Coach's products exhibit composites of the Signature "C" logo in an assortment of different sizes, patterns, and colors ("CC Design"), to which Coach owns the copyright registration (U.S. Reg. No. VA0001228917).

25. The CC Design is highly recognized by the public and serves to identify the source of the goods as Coach.

26. Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products bearing the Coach Marks. These registrations are valid and subsisting and are incontestable. Through longstanding use,

1  advertising and registration, the Coach Marks have achieved a high degree of
2  consumer recognition and constitute famous marks.
3      27.    Coach and its predecessors have continuously used the Coach Marks and
4  CC Design in interstate commerce in connection with the sale, distribution, promotion,
5  and advertising of its goods for four decades.
6      28.    Coach and its predecessors have achieved sales volumes of over three
7  billion dollars annually from goods bearing the CC Design. As such, the CC Design
8  and the goodwill associated therewith are valuable assets of Coach.
9      29.    Coach and its predecessors have expended over a hundred million dollars
10 in advertising, promoting, and marketing goods featuring the CC Design.
11     30.    Due to Coach and its predecessors' long use, extensive sales, and
12 significant advertising and promotional activities, the CC Design has achieved
13 widespread acceptance and recognition among the consuming public and trade
14 throughout the United States. The arbitrary and distinctive CC Design and Coach
15 Marks identify Coach as the source/origin of the goods on which it appears.
16     C.    **Defendants' Infringing Use of Plaintiffs' Trademarks and**
17         **Copyrighted Designs**
18     31.    This lawsuit concerns infringement upon Quiksilver's Roxy Marks and
19 Coach's CC Design by Defendants.
20     32.    In or October of 2009, Plaintiffs discovered that Defendants had been
21 advertising, distributing, offering for sale, and/or selling sunglasses bearing
22 reproductions of the Roxy Marks and CC Design through the Golden Bridge
23 International website: www.gbsunglasses.com.
24     33.    Plaintiffs' representatives have inspected the products obtained from
25 Defendants and have determined the goods to be counterfeit. These products bore
26 marks identical and/or confusingly similar to the Roxy Marks and CC Design and were
27 used in such a manner as to imitate the Roxy Marks and CC Design.
28

34. Furthermore, Defendants are not authorized by Plaintiffs to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Plaintiffs' federally registered trademarks and copyrights.

35. Upon information and belief, Defendant Jian Jin was the active, moving, conscious forces behind the alleged infringing activities.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

36. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

37. As the owner of the Quiksilver Mountain and Wave design (U.S. Registration Nos. VA0001088115 and VA0001088246), Quiksilver is entitled to exclusive use of this logo without the unauthorized use by third parties. Mirror images of the Quiksilver Mountain and Wave design make up the world famous Roxy Heart Device, which is featured on the infringing products purchased from Defendants.

38. As the owner of the CC Design (U.S. Reg. No. VA0001228917), Coach is entitled to exclusive use of this logo without the unauthorized use by third parties.

39. Given the widespread popularity of the Quiksilver Mountain and Wave design, the Roxy Heart Device, and the CC Design, Defendants had access to these logos and, upon information and belief, Defendants have knowingly infringed upon said marks by manufacturing, distributing, advertising and selling piratical copies of the designs to the public in violation of 17 U.S.C. § 501.

40. Upon information and belief, Defendants have intentionally, knowingly and willfully copied Plaintiff Quiksilver's Mountain and Wave Design and Plaintiff Coach's CC Design in order to personally benefit from the widespread customer recognition and acceptance of said designs/logos, and to capitalize upon the market created by said designs.

41. Upon information and belief, the aforesaid infringements by Defendants of Plaintiffs' copyrighted works occurred and continue to occur with the knowledge

1 that such designs are copyrighted and the Defendants, in committing the acts
2 complained of herein, has willfully infringed upon Plaintiffs' rights under the
3 Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

42. The products sold by Defendants are identical and/or confusingly similar to Plaintiffs' designs.

43. Defendants' infringement of Plaintiffs' copyrighted works is to the great and irreparable damage of Plaintiffs, and Plaintiffs are informed and believe, as indicated, that Defendants will continue such infringement unless enjoined by this Court.

44. Plaintiffs have suffered loss of profits and other damage, and Defendants have earned illegal profits in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

45. Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement Under the Lanham Act)**

46. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

47. Quiksilver's Roxy Marks and Coach's Signature "C" logo (hereinafter collectively "Plaintiffs' Respective Marks") are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and as originating from Plaintiffs.

48. Defendants' unauthorized use of Plaintiffs' Respective Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs, or come from the same source as Plaintiffs' goods, and thus are of the same quality as that assured by Plaintiffs' Respective Marks.

///

49. Defendants' use of Plaintiffs' Respective Marks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control their trademarks.

50. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

51. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' Respective Marks.

52. Defendants' acts violate the Lanham Act.

53. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their business and reputation unless Defendants are restrained by this Court from infringing Plaintiffs' Respective Marks.

54. Plaintiffs have no adequate remedy at law.

55. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Respective Marks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts; all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known; the costs of this action pursuant to 15 U.S.C. § 1117(a); attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

///
///
///

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution – 15 U.S.C. § 1125(c))

56. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57. Plaintiffs' Respective Marks are "famous" within the meaning of the Lanham Act.

58. Defendants have used in commerce, in connection with the sale of its products, counterfeit reproductions of Plaintiffs' Respective Marks.

59. Defendants' acts are likely to cause, and most likely have caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiffs, or as to the origin, sponsorship, or approval of said infringing goods.

60. Defendants' acts described above have diluted and continue to dilute Plaintiffs' unique and distinctive trademarks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' trademarks.

61. Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' Respective Marks became famous.

62. Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' Respective Marks. Defendants' conduct is willful, wanton and egregious.

63. Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless Defendants are enjoined by this Court.

64. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Respective Marks, and to recover all

damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

65. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

66. Plaintiffs own and enjoy common law trademark rights in California and throughout the United States.

67. Defendants' unlawful acts in appropriating rights in Plaintiffs' common law trademarks were intended to capitalize on Plaintiffs' goodwill for Defendants' own pecuniary gain. Plaintiffs have expended substantial time, resources and effort to obtain an excellent reputation for their respective trademarks. As a result of Plaintiffs' efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiffs.

68. Defendants' unauthorized use of Plaintiffs' Respective Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

69. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

70. Defendants' acts constitute unfair competition under California common law.

71. Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from its unlawful conduct.

72. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary

1  and punitive damages in an amount sufficient to punish and make an example of the
2  Defendants, and to deter Defendants from similar conduct in the future.

3      73.    Plaintiffs have no adequate remedy at law.

4      74.    In light of the foregoing, Plaintiffs are entitled to injunctive relief
5  prohibiting Defendants from using Plaintiffs' Respective Marks, and to recover all
6  damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, all
7  gains, profits and advantages obtained by Defendants as a result of their infringing acts
8  alleged above in an amount not yet known, and the costs of this action.

### FIFTH CLAIM FOR RELIEF
### (Violation of Cal. Bus & Prof. Code § 14247)

11      75.    Plaintiffs incorporate herein by reference the averments of the preceding
12  paragraphs as though fully set forth herein.

13      76.    Plaintiffs' Respective Marks are distinctive marks in the state of
14  California by virtue of their substantial inherent and acquired distinctiveness, their
15  extensive use in the state of California, and the extensive advertising and widespread
16  publicity of the marks in the state of California.

17      77.    As a result of the substantial inherent and acquired distinctiveness of
18  Plaintiffs' Respective Marks, their extensive use in the state of California, and the
19  extensive advertising and publicity of the marks in the state of California, they have
20  become strong and are widely renowned.

21      78.    The actions of Defendants complained of herein are likely to injure the
22  business reputation and dilute the distinctive quality of the Coach Marks, which are
23  famous.

24      79.    The foregoing acts of Defendants constitute dilution and injury to
25  business reputation in violation of Section 14247 of the California Business and
26  Professions Code.

27      80.    The conduct herein complained of was extreme, outrageous, fraudulent,
28  and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct

1  was despicable and harmful to Plaintiffs and as such supports an award of exemplary
2  and punitive damages in an amount sufficient to punish and make an example of the
3  Defendants and to deter Defendants from similar conduct in the future.

4    81. By reason of the foregoing, Plaintiffs are being damaged by Defendants'
5  unauthorized and illegal use of their respective trademarks in the manner set forth
6  above and will continue to be damaged unless Defendants are immediately enjoined
7  under Sections 14247 and 14250 of the California Business and Professions Code from
8  using any of Plaintiffs' Respective Marks.

9    82. Plaintiffs will be irreparably injured by the continued acts of Defendants,
10 unless such acts are enjoined.

11   83. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants as follows:

A. Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

 (1) Using any of Plaintiffs' respective trademarks and/or copyrighted designs in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

 (2) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

 (3) Otherwise infringing Plaintiffs' registered and common law family of trademarks and copyrighted designs;

 (4) Otherwise diluting Plaintiffs' family of trademarks and copyrighted designs;

(5)    Unfairly competing with Plaintiffs.

B.    Awarding actual damages suffered by Plaintiffs as a result of Defendants' acts;

C.    Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D.    Ordering Defendants to disgorge their profits;

E.    Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b).

F.    Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

G.    Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

H.    Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c);

I.    Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: November 18, 2009            BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiffs Quiksilver, Inc. and Coach Services, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

Dated: November 18, 2009         BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiffs Quiksilver, Inc. and Coach Services, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**CV09- 8587 GAF (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIKSILVER, INC., a Delaware Corporation; COACH SERVICES, INC., a Maryland Corporation <br><br> PLAINTIFF(S) <br> v. <br><br> GOLDEN BRIDGE INTERNATIONAL, INC., a New York Corporation; JIAN JIN, an individual; and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV09-08587 GAF (CUx) <br><br><br> SUMMONS |

TO: DEFENDANT(S): Golden Bridge International, Inc. and Jian Jin, et al.

   A lawsuit has been filed against you.

   Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Brent H. Blakely or Cindy Chan_, whose address is _Blakely Law Group, 915 North Citrus Avenue, Hollywood, California 90038_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __11/20/2009__          By: __A. Grezera__
                                        Deputy Clerk

(Seal of the Court)
SEAL

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07)                           SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Quiksilver, Inc.; Coach Services, Inc.

**DEFENDANTS**
Golden Bridge International, Inc.; Jian Jin; and DOES 1-10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BLAKELY LAW GROUP    Telephone: 323.464.7400
915 North Citrus Avenue
Hollywood, California 90038

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
CLASS ACTION under F.R.C.P. 23: ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 100,000 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C 501 - Copyright Infringement and 15 U.S.C. 1114 and 1115 - Trademark Infringement Under the Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☑ 840 Trademark |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

FOR OFFICE USE ONLY:   Case Number: CV09-08587

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                CIVIL COVER SHEET                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Coach Services, Inc. - Maryland |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Golden Bridge International, Inc. - New York<br>Jian Jin - New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Claims - Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 11/18/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |